**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**GABRIEL QUINTERO, JR.,**

                **Plaintiff,**

**-vs-**                                              **Case No.  6:08-cv-196-Orl-19DAB**

**AMSCOT CORPORATION,**

                **Defendant.**

_____

# ORDER

This case comes before the Court on the Motion to Dismiss, or in the Alternative, to Compel Arbitration and Stay the District Court Proceedings, Memorandum of Law in Support Thereof and Certificate of Good Faith by Defendant (Doc. No. 10, filed May 5, 2008).

Plaintiff Gabriel Quintero, Jr. filed this action against Defendant Amscot Corporation ("Amscot") on February 6, 2008, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 216(b) (2006).  (Doc. No. 1, filed Feb. 6, 2008.)  On May 5, 2008, Amscot filed a Motion seeking dismissal of the action on the basis of an arbitration agreement between Quintero and Amscot. (Doc. No. 10.)  That agreement provides:

> Employee and Amscot agree to submit for resolution pursuant to the Mandatory Arbitration Agreement any dispute or claim and that both the Employee and Amscot hereby waive their respective rights, if any, to resolve any dispute or claim through any means, including a jury trial or a court trial in a lawsuit, except as expressly provided in the Mandatory Arbitration Agreement.

(Doc. No. 10-2 at 2.)  The agreement defines the term "claim" to encompass "any lawsuit based on a common law contract or tort claim, or a federal, state, or other statutory claim."  (*Id.*)

In determining whether parties agreed to arbitrate a dispute, the district court must examine the arbitration agreement and other underlying relevant facts. *See* 9 U.S.C. § 4; *Wheat, First Sec., Inc. v. Green*, 993 F.2d 814, 817 (11th Cir. 1993). The validity of an arbitration agreement is generally governed by the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16, which "embodies a liberal federal policy favoring arbitration agreements." *Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359, 1367 (11th Cir. 2005) (internal quotations omitted). Under the FAA, arbitration agreements are "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of the contract." *Id.* (quoting 9 U.S.C. § 2) (internal quotations omitted). Valid arbitration agreements are enforceable for disputes arising from employment relationships not involving transportation workers,[1] *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 121-23 (2001), including claims that arose under the FLSA. *See e.g.*, *Downey v. Robert W. Baird & Co.*, No. 6:07-cv-1180-Orl-31DAB, 2007 WL 2729578, at *1 (M.D. Fla. Sept. 18, 2007) (citing *Kuehner v. Dickinson & Co.*, 84 F.3d 316, 319-20 (9th Cir.1996)); *Carter v. Countrywide Credit Indus., Inc.*, 362 F.3d 294, 298 (5th Cir. 2004); *Adkins v. Labor Ready, Inc.*, 303 F.3d 496, 506 (4th Cir. 2002).[2]

In support of its Motion, Amscot provided the Declaration of Charity McDowell. She states that Quintero "voluntarily entered into the Agreement [] and was provided an opportunity to read and review [the] Agreement prior to signing it." (Doc. No. 10-2 at 1, ¶ 2.) McDowell also explains that the agreement "was not rescinded by either Mr. Quintero or Amscot Corporation [] and

---

[1]    The FAA expressly excludes "contracts of employment of seamen, railroad employees, or any other class of workers engaged in foreign or interstate commerce" from its purview. 9 U.S.C. § 1.

[2]    The Eleventh Circuit has not opined on this specific issue.

remained in effect throughout the course of Mr. Quintero's employment, up to and including the time of his termination."  (*Id.*)

Amscot's Motion states that its counsel "contacted Plaintiff's counsel by telephone and communicated by facsimile to discuss this matter, but Plaintiff's counsel was unavailable to engage in discussion over arbitration being the only proper forum for resolution of the Plaintiff's claims." (Doc. No. 10 at 6.)  Since the Motion was filed, Quintero has not responded or otherwise voiced his opposition.[3]  Accordingly, he presents no evidence or argument that grounds exist "in equity for the revocation of the contract."  9 U.S.C. § 2.

The Court finds that Quintero's claims under the FLSA are encompassed by the agreement. (*See* Doc. No. 10-2 at 2 (defining "claim" as "any lawsuit based on a common law contract or tort claim, or a federal, state, or other statutory claim").)  In addition, no grounds for revocation have become apparent from the Court's own review of the agreement.  The agreement appears to be supported by consideration and the available evidence does not suggest that the agreement was procedurally or substantively unconscionable.  *See Henry v. Pizza Hut of Am.*, No. 6:07-cv-01128-Orl-DAB, 2007 WL 2827722, at *4 (M.D. Fla. Sept. 27, 2007) (citing *Murphy v. Courtesy Ford, LLC*, 944 So.2d 1131, 1134 (Fla. 3d DCA 2006)).

Accordingly, the Court **GRANTS in part and DENIES in part** the Motion to Dismiss, or in the Alternative, to Compel Arbitration and Stay the District Court Proceedings, Memorandum of Law in Support Thereof and Certificate of Good Faith by Defendant (Doc. No. 10, filed May 5, 2008).  The Court **STAYS** the instant case and **ORDERS** the parties within fifteen (15) days from

---

[3]       Failure to oppose a motion raises an inference that the party does not object to such motion. *E.g.*, *Bray & Gillespie Mgmt. LLC v. Lexington Ins. Co.*, 527 F. Supp. 2d 1355, 1371 (M.D. Fla. 2007).

the date of this Order to submit Plaintiff's claim to arbitration pursuant to the arbitration agreement attached to Defendant's Motion as Exhibit 1 (Doc. No. 10-2). Thereafter the parties shall file a status report within ninety (90) days from the date of this Order and every ninety (90) days thereafter advising the Court of the status of the arbitration and what, if any, further relief is sought in this forum. Failure to comply with this Order may result in sanctions, including but not limited to dismissal of this case without further notice.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on June _13_, 2008.

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record